NOT FOR PUBLICATION

FILED

DEC 26 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IPINBHAI MANIBHAI PATEL, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 11-71282 <br><br> Agency No. A089-697-097 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 20, 2014
San Francisco, California

Before: BERZON and RAWLINSON, Circuit Judges, and BUCKLO, Senior
District Judge.[**]

Ipinbhai Manibhai Patel, a native and citizen of India, petitions for review of

the Board of Immigration Appeals' (BIA) order affirming an immigration judge's

(IJ) determination that he is removable and is not entitled to asylum, withholding

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Elaine E. Bucklo, Senior District Judge for the U.S.
District Court for the Northern District of Illinois, sitting by designation.

of removal, or protection under the Convention Against Torture (CAT). We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination. Even assuming that certain of the cited inconsistencies in Patel's testimony were too trivial to suggest a lack of truthfulness, *see Ren v. Holder*, 648 F.3d 1079, 1085 (9th Cir. 2011), the BIA's conclusion that Patel's demeanor eroded his credibility is supported by the record. The BIA cited several portions of Patel's testimony to support the conclusion that he exhibited an "unexplained evasive, confused, and unresponsive manner." In one of the excerpts, Patel was questioned about why he remained in India for approximately two years after his imprisonment in 2005. The record reflects that Patel's responses not only were punctuated by a "long pause," they also provided two substantively different answers to the question, "why didn't you leave India after your second arrest in 2005?" as well as a third in which he claimed not to remember anything. Because this example documents both the "long pauses" and the "shifting" testimony the IJ noted in her demeanor assessment, it supports her demeanor finding, which, in

2

turn, sustains the adverse credibility determination. *See Huang v. Holder*, 744 F.3d 1149, 1155 (9th Cir. 2014). The BIA's additional citations underscore that the previous example was not isolated, and that the IJ noted a pattern of hesitant testimony as well as specific, non-credible aspects of Patel's demeanor.

Substantial evidence likewise supports the BIA's conclusion that Patel did not carry his burden of proof on his asylum, withholding of removal, and CAT claims. Patel argues that the IJ and BIA erroneously faulted him for failing to present supporting affidavits from his friend Josef and from the doctor who treated him because those documents were not reasonably obtainable. But this argument is not consistent with the record, as Patel's own testimony reveals his belief that the documents were, or might have been, available had he asked for them.

Finally, although a reasonable fact finder might conclude that the affidavits submitted by Patel's father and brother corroborated his claims, we may not substitute our judgment about the persuasiveness of this evidence for that of the BIA. *Aden v. Holder*, 589 F.3d 1040, 1046 (9th Cir. 2009). Rather, we must affirm the BIA's finding that Patel's corroboration was insufficient unless the record compels a contrary conclusion. *Id.* It does not.

**Petition DENIED**.